UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYTERIUS ROBY,

    Petitioner,                                   Civil No. 2:16-CV-12727
                                                      HONORABLE SEAN F. COX
v.                                                        UNITED STATES DISTRICT JUDGE

S.L. BURT,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO DISMISS AND
COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE
RULE 5 MATERIALS**

Dyterius Roby, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to commit murder, carrying a weapon with unlawful intent, felon in possession of a firearm, and felony-firearm. Respondent filed a motion to dismiss, contending that petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a reply to the motion. For the reasons stated below, the motion to dismiss is denied and respondent is ordered to file an answer addressing the merits of the petition within sixty days of the Court's order.

**I. Background**

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on April 23, 2012, when the

Michigan Supreme Court denied petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Roby,* 491 Mich. 909; 810 N.W. 2d 907 (2012).

Petitioner filed a post-conviction motion for relief from judgment with the trial court on May 20, 2013, which the trial court denied. After the Michigan Court of Appeals denied petitioner leave to appeal, collateral review of petitioner's conviction ended in the state courts on May 2, 2016 when the Michigan Supreme Court denied petitioner's post-conviction appeal. *People v. Roby,* 499 Mich. 913, 878 N.W. 2d 287 (2016).

Petitioner's habeas petition was signed and dated July 15, 2016.

## II. Discussion

Respondent has filed a motion to dismiss, contending that the current application for writ of habeas corpus is time barred by the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. (AEDPA). Both parties, however, have referred to matters outside of their pleadings to support or oppose the motion to dismiss. On a motion to dismiss, a federal district court may consider "matters outside the pleading." However, "the motion shall [then] be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Briggs v. Ohio Election Commission,* 61 F. 3d 487, 493 (6th Cir. 1995)(quoting Fed.R.Civ.P. 12(b)(6)). Because the parties in this case have asked this Court to consider matters outside the pleadings, the Court will view Respondent's motion as one for summary judgment. *Pottinger v. Warden, Northpoint Training Center,* 716 F. Supp. 1005, 1007 (W.D. Ky. 1989)(citing to Fed.R.Civ.P. 12(b));

2

*See also Mayne v. Hall*, 122 F. Supp. 2d 86, 88, fn. 2 (D. Mass. 2000)(construing motion to dismiss habeas petition as being time barred under the AEDPA's statute of limitations as being a motion for summary judgment).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Sanders,* 221 F. 3d at 851. The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

In the present case, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his appeal of right by the Michigan Court of Appeals on April 23, 2012. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on July 22, 2012, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than July 22, 2013 in order for the petition to be timely filed.

Petitioner filed his post-conviction motion for relief from judgment with the state trial court at the earliest, on May 20, 2013, after three hundred and one days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the

time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on May 2, 2016. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999). Petitioner had sixty four days remaining, or until July 6, 2016, to file his habeas petition.

Respondent contends that the petition is untimely because it was signed and dated July 15, 2016, after the July 6, 2016 deadline. Petitioner, in his reply brief, indicates that he hand delivered his habeas petition to the prison's case manager on July 5, 2016 to be mailed to this Court.

Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 271–72 (1988). Petitioner has attached to his reply brief a CSJ-318 Disbursement Authorization (Expedited Legal Mail-Prisoner) form dated July 5, 2016, which shows the mailing address for this Court. *See* Petitioner's Exhibit 1. Petitioner has also signed an affidavit that he personally delivered his habeas petition to his prison counselor on July 5, 2016 and that he mistakenly signed and dated his petition July 15, 2016. *See* Petitioner's Exhibit 2.

5

Petitioner has sworn, under penalty of perjury, that he presented his habeas petition to prison officials on July 5, 2016, and not on July 15, 2016. As such, this Court accepts that date as the filing date, under the prison mailbox rule, and concludes that the petition for writ of habeas corpus was timely filed. *See e.g. Miller v. Collins*, 305 F. 3d 491, 497-98 (6th Cir. 2002).

Because there is insufficient evidence to conclude that the habeas petition is time barred by the statute of limitations, the Court will deny the motion to dismiss and order the Respondent to file an answer that responds to the merits of Petitioner's habeas claims within sixty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); *See also Corbin,* 156 F. Supp. 2d at 837.

The Court also orders Respondent to provide any Rule 5 materials that it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

### ORDER

Accordingly, the Court **ORDERS** that the motion to dismiss [Dkt. # 7] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of petitioner's habeas claims within **SIXTY DAYS** of the date of this order. Respondent is

further ordered to provide any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

Dated:  March 23, 2017              s/Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge

I hereby certify that on March 23, 2017, the foregoing document was served on counsel of record via electronic means and upon Dyterius Roby via First Class mail at the address below:

Dyterius Roby
529870
MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN
MUSKEGON, MI 49442

                                    s/J. McCoy
                                    Case Manager